WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| First Horizon Home Loan, | ) |
|     Plaintiff, | ) No. CIV 08-2158-PHX-DKD |
| vs. | ) **ORDER** |
| Ron E. Medley, et al., | ) **(Not intended for publication)** |
|     Defendants. | ) |

Pending before the Court is Plaintiff First Horizon Home Loan's ("FHHL") Motion to Remand to State Court (Doc. #15). In the motion, FHHL alleges that Defendant Ron E. Medley's removal was improper. FHHL argues that the Court does not have proper subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy does not exceed the sum or value of $75,000. FHHL further asserts that Medley's removal was untimely. Medley filed a response to FHHL's Motion to Remand (Doc. #16). The parties before the Court have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) (Doc. #8). For the reasons stated below, the Court will grant the motion.

I. **BACKGROUND**

This action arises out of Medley's alleged unlawful possession of FHHL's property (Doc. #2, Exhibit A, at 2). Pursuant to Arizona Revised Statutes Section 12-1173.01, FHHL demanded that Medley deliver possession of the property within seven days from service of the notice; Medley failed to do so (*Id.*). FHHL brought suit in Maricopa County Superior Court seeking forcible detainer and compensatory damages for fair rental on the premises from July

25, 2008, through the date of judgment at the rate of $30.00 per day (*Id*. at 3). Medley removed the action to the United States District Court for the District of Arizona pursuant to 28 U.S.C. §§ 1331, 1332(a) and 1332(c)(1). Medley claims that the factual allegations set forth in FHHL's Complaint establish that the amount in controversy exceeds $75,000 and that the parties are diverse. As a result, Medley contends that the action may be removed pursuant to 28 U.S.C. § 1441. Additionally, Medley has a separate complaint in the Maricopa County Superior Court (CV 08-093273) to quiet title and for other relief (Doc. #15 at 6). FHHL alleges that Medley's removal of this action was untimely. In addition, it argues that the only issue before the Court is possession of the real property and, as such, the legitimacy of the title need not be considered. In addition, FHHL argues that the issue of possession does not reflect an amount in controversy and therefore, the action must be remanded because the Court lacks subject matter jurisdiction (*Id.* at 5).

**II.     DISCUSSION**

As a general proposition, an action may be removed to federal court if that court would have original jurisdiction over the matter. Federal question jurisdiction under § 1331 may be invoked if ". . . the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the Untied States . . . ." 28 U.S.C. § 1441(b). Claims alleging diversity jurisdiction under § 1332 ". . . shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought" and the amount in controversy exceeds $75,000. 28 U.S.C. § 1141(b)

<u>Removal</u>

A defendant desiring to remove a civil action from state court must file in the District Court a notice of removal within thirty days after the receipt by the defendant of a copy of the initial pleading. 28 U.S.C. §§ 1446(a), (b). Medley alleges that he first received notice that the Court had jurisdiction over the action pursuant to §§ 1331, 1332(a) and (c)(1) on November 18, 2008 when FHHL filed an amended complaint naming Medley as a defendant (Doc. #1 at 2). Medley filed his notice of removal on November 21, 2008, which would appear to be well

- 2 -

within the thirty day period noted in § 1446(b). However, it appears from Medley's answer filed on September 16, 2008 that he was already a defendant to the suit. As such, his notice of removal would not have been within the thirty day period (Doc. #18). However, the Court need not decide this issue because a more fundamental jurisdictional defect governs whether this case is properly in federal court.

Subject Matter Jurisdiction

    A.    Federal Claim Under § 1331

The Court has ". . . original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Medley claims to have ". . . complained of 'due process' violations . . ." from the ". . . onset of administrative and court proceedings . . . " (Doc. #16 at 3). However, such claims are absent from the complaint, Medley's answer and additional pleadings filed prior to removal. The Court cannot address claims that have been introduced only after removal of a case from state to federal court. *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 821-22 (9th Cir. 1085). Additionally, the Court would be unable to hear the claim if it took the form of a counterclaim in his answer. *See Hinton v. Hotchkiss*, 65 Ariz. 110, 174 P.2d 749, 754 (1946) (no counterclaim may be filed seeking affirmative relief in an action for forcible detainer). Therefore, the Court does not have proper subject matter jurisdiction pursuant to § 1331.

    B.    Diversity Jurisdiction Under §1332

The Court also has ". . . original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a)(1). A corporation is a citizen of any State in which it was incorporated and the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Medley alleges that the amount in controversy is met because ". . . this action originated from a non-judicial foreclosure proceeding with real property with worth in excess of $75, 000" (Doc. #16 at 4). However, FHHL asserts that the only issue before the Court is possession of the property and therefore, there is no amount in controversy (Doc. #15 at 5); *See Olds Bros. Lumber Co. v.*

*Rushing*, 64 Ariz. 199, 204, 167 P.2d 394, 397 (1946) (the only issue to be determined in a forcible detainer action is the right to actual possession). Furthermore, A.R.S. § 12-1177(A) provides:

> "On the trial of an action of forcible entry or forcible detainer, the *only issue* shall be the right of actual possession and the *merits of title shall not* be inquired into." (emphasis added)

Therefore, it appears that the Court lacks subject matter jurisdiction under § 1332 because the amount in controversy does not exceed $75, 000. It is, however, the citizenship of the parties that governs the result in this case. As set forth above, claims alleging diversity jurisdiction under § 1332 ". . . shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1141(b). Here, the removing Defendant Medley nowhere alleges that he is a citizen of a foreign jurisdiction. Indeed, the record in this matter details his listing of an Arizona address.

Motion to Remand

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* This parallels the language of Rule 12(h)(3) of the Federal Rules of Civil Procedure, which provides:

> "If the court determines at *any* time that it lacks subject- matter jurisdiction, the court *must* dismiss the action." (emphasis added)

Medley correctly asserts that procedural defects in removal must be asserted within thirty days after a removal notice is filed (Doc. #16 at 3). However, he fails to note the conditional language of the section "...any defect *other than* lack of subject matter jurisdiction . . . ." (emphasis added). 28 U.S.C. § 1447(c). As a result, a lack of subject matter jurisdiction may be raised by FHHL after the thirty day period has passed or by the court at any time. In fact, FHHL noted the Court's lack of subject matter jurisdiction in its Motion to Remand (Doc. #15).

1 Although FHHL did not address the particular determinative defect in subject matter jurisdiction – the citizenship of the removing Defendant – in its Motion to Remand, the Court must on its own motion address the existence or absence of subject matter jurisdiction. Thus, the Court must remand the action back to the Maricopa County Superior Court because the federal court lacks subject matter jurisdiction.

**III.    CONCLUSION**

The Court lacks subject matter jurisdiction under § 1331 because a federal claim has not been pleaded, nor can one be pleaded in the form of a counterclaim. The Court also lacks subject matter jurisdiction under § 1332 because the removing Defendant is a citizen of the District of Arizona and the amount in controversy does not exceed $75,000. In addition, a lack of subject jurisdiction is not a defect limited by the thirty-day period outlined in § 1447(c). Therefore, FHHL was justified in raising such a defect in Medley's removal. Moreover the jurisdictional defect present here is cognizable by the Court at any time. For the foregoing reasons, the Court will remand the action back to the Maricopa County Superior Court.

**IT IS THEREFORE ORDERED** that Plaintiff FHHL's Motion to Remand is **GRANTED** (Doc. # 15).

**IT IS FURTHER ORDERED** that this action is REMANDED to the Superior Court of Arizona in and for the County Maricopa.

DATED this 8th day of September, 2009.

_____
David K. Duncan
United States Magistrate Judge